This may be taken either as a receipt or a release; and the fact of a mistake in the counting of the notes may be shown by parol evidence, either in a court of law or a court of equity; for such proof is let in, without impugning the rule that written evidence is better than parol; for it is not controverted that the written evidence speaks the truth. As all mortals must of necessity speak what is according to their knowledge, and that knowledge being limited, and liable to misconception, the mistake when discovered may be shown. And the nature of the relief determines the forum to which application shall be made. If equity only can afford relief, application must be made there; and if a court of law can afford relief application may be made there; but the rules of evidence are the same in each court. But if application should be made to a court of law, and the mistake when proven affords no ground of relief, the proofs are rejected; for why prove a fact upon which the court cannot act? Few are the mistakes which a court of law can grant relief on; for few mistakes require more than modification and apportionment. They do not require the entire destruction of the writing. It is not so with regard to fraud; that vitiates the whole writing. Hence the opinion that a mistake in writing can be relieved (474) against in a court of equity only. But for a fraud in a writing, *Page 267 
courts of law and equity have concurrent jurisdiction. The mistake, if there was one, afforded a good consideration for the promise charged in the declaration; and the fact whether such promise was made was fairly left to a jury; and if there was, as the jury have found, such a mistake and such a promise as charged, I think it affords a proper ground for relief in a court of law. Let the rule for a new trial be discharged.
The rest of the Court concurring.
PER CURIAM. No error.
Cited: Reid v. Reid, 13 N.C. 249; Rice v. Carter, 33 N.C. 300.